IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ACE TECH CO., LTD, a South Korean corporation,<br><br>      Plaintiff,<br><br>v.<br><br>VALUEPART, INC., a Delaware corporation,<br><br>      Defendant. | No. |

## COMPLAINT

Plaintiff, Ace Tech Co., Ltd., by its attorneys, Anthony J. Ashley and Nicholas Anaclerio of Vedder Price P.C., for its complaint against Defendant, ValuePart, Inc., alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Ace Tech Co., Ltd. ("Ace Tech") is a corporation organized under the laws of South Korea, with its principal place of business in South Korea. Ace Tech is a citizen of the foreign state of South Korea.

2. Defendant ValuePart, Inc. ("VPI") is a Delaware corporation, with its principal place of business in Vernon Hills, Illinois. VPI is a citizen of Delaware and Illinois.

3. This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and because the matter is between a citizen of a foreign state and a citizen of a different state.

4. Venue is appropriate in this district under 28 U.S.C. § 139l(a) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. Venue is also appropriate in this district under the forum selection clause in Section 3 of the Settlement Agreement (as defined herein) and Section 1 of the Amended

Confession of Judgment (as defined herein) providing that VPI expressly authorizes, empowers, and appoints as attorneys-in-fact, Ace Tech, or its attorneys from Vedder Price, P.C., to appear in any state or federal court located in Cook County, Illinois to confess judgment against VPI in the event that VPI does not pay the amounts due pursuant to the Settlement Agreement. (Ex. B, ¶ 1.)

## COUNT I - CLAIM FOR CONFESSION OF JUDGMENT

6. On April 30, 2014, VPI filed a demand for arbitration and statement of claim against Ace Tech's predecessor, Ace Track Co., Ltd. ("Ace Track"), with the American Arbitration Association in a matter captioned *Valuepart, Inc. v. Ace Track Co. Ltd.*, No. 01-14-0000-2903.

7. On June 10, 2014, Ace Track filed its response to the demand for arbitration and statement of claim, and it asserted a counterclaim in the arbitration to collect on a trade (non-consumer) debt owed by VPI to Ace Track. The parties agreed that former federal Magistrate Arlander Keys would serve as the arbitrator in the matter. During the pendency of the arbitration, Ace Tech acquired the assets of Ace Track, including an assignment of its counterclaim against VPI.

8. On December 3, 2015, the parties settled the arbitration matter pursuant to a written settlement agreement ("Settlement Agreement"). Contemporaneous with the execution of the Settlement Agreement, VPI executed a confession of judgment in favor of Ace Tech to secure payment of the amounts owed by VPI to Ace Tech pursuant to the terms of the Settlement Agreement ("Confession of Judgment"). (A true and correct copy of the Confession of Judgment is attached as Exhibit A).

9. In early May 2016, VPI requested, and Ace Tech agreed, to modify and extend the payment terms contained in the Settlement Agreement, to provide VPI with additional time to make the settlement payments.

10. On May 10, 2016, VPI and Ace Tech entered into an amended Settlement Agreement ("Amended Settlement Agreement") and amended Confession of Judgment ("Amended Confession of Judgment") that reflected the new payment terms. (A true and correct

- 3 -

copy of the Amended Confession of Judgment is attached as Exhibit B.) The Amended Confession of Judgment reflects that VPI was required to make two remaining payments to Ace Tech – one on or before May 31, 2016 in the amount of $225,000 and one on or before June 18, 2016 in the amount of $450,000.

11. In Paragraph 1 of the Amended Confession of Judgment, VPI agreed that in the event that VPI failed to make any of the remaining settlement payments owed to Ace Tech that judgment by confession could be entered against VPI in favor of Ace Tech for the unpaid amount of the Settlement Payments owed at that time.

12. VPI has failed to pay the amount of $225,000 due to be paid to Ace Tech on or before May 31, 2016.

13. A balance of U.S. $675,000 remains due and owing, plus court costs and attorneys' fees and interest. (See Ex. B, ¶ 3.)

14. In the Amended Confession of Judgment, VPI waived service of process for this action and waived all errors, defects and imperfections in the entry of any judgment by confession. (See Ex. B, ¶ 3). VPI further agreed that it was entering into the Confession of Judgment knowingly, voluntarily and without coercion or duress, and that prior to executing the Confession of Judgment, VPI had been advised by competent U.S. legal counsel.

WHEREFORE, Plaintiff Ace Tech Co., Ltd. asks for entry of judgment in its favor against Defendant, ValuePart, Inc., in the amount of U.S. $675,000, plus costs, interest, attorneys' fees and expenses, and such further relief as the Court deems just.

Respectfully submitted,

ACE TECH CO., LTD.

By:   s/ Anthony J. Ashley
      One of Its Attorneys

Anthony J. Ashley, Bar No. 6209519
Nicholas Anaclerio, Bar No. 6187889
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500

Dated: June 14, 2016