IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ACE TECH CO., LTD, a South Korean corporation,<br><br>Plaintiff,<br><br>v.<br><br>VALUEPART, INC., a Delaware corporation,<br><br>Defendant. | No. 1:16-cv-06216<br><br>Judge: Hon. Samuel Der-Yeghiayan<br><br>Magistrate Judge: Hon. Young B. Kim |

**PLAINTIFF ACE TECH CO., LTD.'S MOTION FOR**
**ENTRY OF JUDGMENT BY CONFESSION**

Plaintiff, Ace Tech Co., Ltd. ("Ace Tech"), by its attorneys, Anthony J. Ashley and Nicholas Anaclerio of Vedder Price P.C., moves this Court for entry of judgment by confession against Defendant ValuePart, Inc. ("VPI"). In support of this motion, Ace Tech states as follows:

1. On April 30, 2014, VPI filed a demand for arbitration and statement of claim against Ace Tech's predecessor, Ace Track Co., Ltd. ("Ace Track"), with the American Arbitration Association in a matter captioned *Valuepart, Inc. v. Ace Track Co. Ltd.*, No. 01-14-0000-2903.

2. On June 10, 2014, Ace Track filed its response to the demand for arbitration and statement of claim, and asserted a counterclaim to collect on a trade (non-consumer) debt owed by VPI in the arbitration. The parties agreed that former federal Magistrate Arlander Keys would serve as the arbitrator in the matter. During the pendency of the arbitration, Ace Tech acquired the assets of Ace Track, including an assignment of its counterclaim against VPI.

3. On December 3, 2015, the parties settled the arbitration matter between VPI and Ace Tech pursuant to a comprehensive written settlement agreement ("Settlement Agreement"). VPI was represented in the arbitration and with respect to the negotiation of the settlement by the law firm of Nixon Peabody LLP.

4. Contemporaneous with the execution of the Settlement Agreement, VPI executed a confession of judgment in favor of Ace Tech to secure payment of the amounts owed by VPI to Ace Tech pursuant to the terms of the Settlement Agreement ("Confession of Judgment"). (A true and correct copy of the Confession of Judgment is attached as Exhibit A to Ace Tech's Complaint for Confession of Judgment.) The Settlement Agreement itself contains a confidentiality clause that prevents its public disclosure, but a copy of the Settlement Agreement (and the Amended Settlement Agreement) will be provided to the Court *in camera*, if necessary, at the time of the hearing on this motion.

5. In early May 2016, VPI requested and Ace Tech agreed to modify the payment terms contained in the Settlement Agreement, to provide VPI with additional time to make the settlement payments.

6. On May 10, 2016, VPI and Ace Tech entered into an amended Settlement Agreement ("Amended Settlement Agreement") and amended Confession of Judgment ("Amended Confession of Judgment") that reflected the new payment terms. (A true and correct copy of the Amended Confession of Judgment is attached as Exhibit B to Ace Tech's Complaint for Confession of Judgment.) The Amended Confession of Judgment reflects that VPI is required to make two remaining payments to Ace Tech – one on or before May 31, 2016 in the amount of $225,000 and one on or before June 18, 2016 in the amount of $450,000.

7. In Paragraph 1 of the Amended Confession of Judgment, VPI agreed that in the event it failed to make any of the remaining settlement payments that Ace Tech was entitled to a judgment by confession against VPI in the amount of any unpaid balance due Ace Tech.

8. As noted in the affidavit of Ace Tech's President, VPI has failed to pay the amount of $225,000 due on or before May 31, 2016. (A true and correct copy of the affidavit of Mr. Sung Jae Kang, Director/President of Ace Tech, is attached as Exhibit A to this motion). VPI has also repeatedly acknowledged in recent correspondence that it owes the balance of the remaining settlement payments to Ace Tech, but simply wants to restructure and delay the timing of the remaining payments because it is in the process of switching primary lenders.

9. Plaintiff filed the complaint in the present action to enforce the confession of judgment clause in the Settlement Agreement.

10. A balance of U.S. $675,000 remains due and owing to Ace Tech, plus costs and attorneys' fees, plus interest. (See Complaint, Ex. B, ¶ 3).

11. In the Amended Confession of Judgment, VPI waived service of process for this action and waived all errors, defects and imperfections in the entry of any judgment by confession. (See Complaint, Ex. B, ¶ 3). Notwithstanding Ace Tech's waiver of service of process in the Confession of Judgment, Ace Tech has served the Complaint and will serve this motion on VPI's counsel, who has agreed to accept service of process on behalf of VPI. (A true and correct copy of the letter from Ace Tech's counsel to VPI's counsel is attached as Exhibit B, without exhibits).

12. Confession of judgment clauses (or "cognovits notes") are enforceable in federal court and under the U.S. Constitution. *D.H. Overmeyer Co. v. Frick Co.*,, 405 U.S. 174, 176 (1972); *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 994 (7th Cir. 2008) ("Even confession-of-judgment clauses in cognovits notes are enforceable") (citing *D.H. Overmeyer Co.*, 405 U.S. at 176); *Society of Lloyd's v. Ashenden*, 233 F.3d 473, 479 (7th Cir. 2000) (enforcing confessed judgment). Similarly, Illinois clearly recognizes the enforceability of a confession of judgment agreement or provision by expressly authorizing by statute that "any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized," even without service of process. 735 ILCS 5/2-1301 (West 2016).

13. Under the present circumstances and the express language of the Amended Confession of Judgment agreement, the only defense available to VPI would be that they have timely paid the amounts owed to Ace Tech. VPI has no defense because it is undisputed that VPI has not made the $225,000 payment owed to Ace Tech on or before May 31, 2016, and has acknowledged that it will not be permitted by its current lender to make the payment due on June 18, 2016. Ace Tech is therefore entitled to immediate entry of judgment based on the parties' express Confession of Judgment provision in the full amount of the balance presently owed to Ace Tech. . (See Complaint, Ex. B, ¶1).

14. Ace Tech will incur additional legal fees and expenses to collect amounts owed in light of VPI's default.

WHEREFORE, Plaintiff Ace Tech Co., Ltd. moves this Court for entry of an immediate and confessed judgment in its favor and against VPI in the amount of $675,000, plus additional costs, interest and attorneys' fees and expenses, and such further relief as the Court deems just.

ACE TECH CO., LTD.

By: /s/ Anthony J. Ashley
One of Its Attorneys

Anthony J. Ashley, Bar No. 6209519
Nicholas Anaclerio, Bar No. 6187889
Vedder Price P.C.
222 N. LaSalle Street
Suite 2600
Chicago, IL 60601
(312) 609-7500

*Attorneys for Ace Tech Co., Ltd.*

Dated: June 16, 2016

CHICAGO/#2854483.2